

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

2003 NOV 12  A 11: 39

US DISTRICT COURT
HARTFORD CT



| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:02CV797 (AWT) |
| | : | |
| V. | : | |
| | : | |
| JOHN HOLTEN, et al., | : | |
| | : | NOVEMBER 10, 2003 |
| Defendants. | : | |

## MOTION TO LIFT STAY AND ENTER SCHEDULING ORDER

In that the reasons for imposing a stay in the above-captioned matter have been resolved, Plaintiff, Federal Insurance Company, ("Federal"), requests that this Court lift the stay it imposed in its August 1, 2002 Endorsement Order. Federal further requests this Court enter a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

1.    On May 9, 2002, Federal filed this declaratory judgment action to resolve the parties' insurance coverage dispute (this "Action"). Later that same day, defendants filed a declaratory judgment action against Federal in the United States District Court for the District of Delaware (the "Delaware Action").

2.    On June 20, 2002, Federal filed a Motion to Transfer or, in the Alternative, for a Stay of the Delaware Action.

3.    On July 23, 2002, defendants filed a Motion to Dismiss or, in the Alternative, Stay this Action.

4.    On July 24, 2002, Federal filed its Rule 26(f) Report in this Action. A copy of the July 24, 2002 Rule 26(f) Report is attached as Exhibit A.

5.    On July 26, 2002, Defendant filed its Statement Regarding the Reasons for Staying the Entry of a Scheduling Order and Discovery in this Action. A copy of the July 26, 2002 Statement Regarding the Reasons for Staying the Entry of a Scheduling Order and Discovery is attached as Exhibit B.

6.    On August 1, 2002, this Court temporarily stayed this Action until the Delaware Action was resolved. A copy of the August 1, 2002 Endorsement Order is attached as Exhibit C.

7.    The United States District Court in Delaware issued a Memorandum Order on October 8, 2003 in which it ordered the Delaware Action transferred to the United States District Court for the District of Connecticut. A copy of the October 8, 2003 Memorandum Order is attached as Exhibit D.

8.    Both this Action and the Delaware Action are now pending before this Court and involve the same issues. Federal respectfully submits that it is entitled to have this Court lift the stay imposed in the August 1, 2002 Endorsement Order.

For the reasons set forth herein, Federal moves the Court to lift the stay of this Action. Federal further requests that the Court enter a Scheduling Order pursuant to Fed. R. Civ. P. 16(b) so that this Action can progress.

Respectfully submitted,

PLAINTIFF,
FEDERAL INSURANCE COMPANY

By _____
Jeffrey L. Williams, ct05446
JORDEN BURT, LLP
175 Powder Forest Drive, Suite 201
Simsbury, Connecticut 06089
Tel: (860) 392-5000
Fax: (860) 392-5058

2

## CERTIFICATION

This is to certify that a copy of Plaintiffs' Motion to Life Stay, was sent via facsimile and first class mail, postage prepaid, this 10th day of November, 2003, to the following:

Steven B. Malech, Esq.
Alan G. Schwartz, Esq.
Wiggin & Dana
1 CityPlace - 185 Asylum Street
Hartford, CT   06103-3402

Glenn M. Kurtz, Esq.
Christopher J. Glancy, Esq.
White & Case
1155 Avenue of the Americas
New York, NY   10036-2787

Sten A. Jensen, Esq.
David J. Hensler, Esq.
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, DC   20004-1109

_____
Jeffrey P. Williams

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FEDERAL INSURANCE COMPANY,      :

            Plaintiff,      :      CASE NO. 3:02CV797 (AWT)

V.      :

JOHN HOLTEN, et al.,      :

            Defendants.      :      JULY 24, 2002

            :

## PLAINTIFF'S RULE 26(f) REPORT

**Date Complaint Filed:**    May 9, 2002.

**Date Complaint Served:**    John Holten (5/20/02); John R. Evans (5/20/02); Gunnar Klintberg (5/20/02); Raymond Marshall (5/21/02); Daniel W. Crippen (5/24/02); Holberg, Incorporated (5/20/02); Holberg Industries (5/20/02); NEBCO Evans Distributors (5/20/02).

Note: An Amended Complaint was filed on July 8, 2002. The only change made to the original Complaint was the addition of two Defendants, Benoit Jamar and Peter Grauer. The Amended Complaint was served on July 8, 2002.

**Date of Defendants' Appearance:**    On June 4, 2002, Steven B. Malech, with the law firm of Wiggin & Dana LLP, appeared on behalf of Defendants John Holten, John R. Evans, Gunnar Klintberg, Raymond Marshall, Holberg, Incorporated, Holberg Industries, Inc., and NEBCO Evans Distributors, Inc. Plaintiff has not received an Appearance on behalf of either of the two additional Defendants, Benoit Jamar and Peter Grauer, as of this date.

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R. 38, Plaintiff's counsel contacted Defendants' counsel, Steven B. Malech with the law firm of Wiggin & Dana LLP, to confer and to prepare this joint Rule 26(f) Report, but Mr. Malech advised that his clients were unwilling to file a Rule 26(f) Report at this time. Instead, Defendants proposed to seek an extension of time to file this Report due to the pendency of a second-filed action commenced by Defendants in Delaware. Plaintiff did not consent to an extension because Defendants' proposal clearly reflected an improper attempt to slow this action for strategic purposes. Defendants' counsel has advised Plaintiff's counsel that Defendants expect to file a motion for extension of time, but no such motion has been filed to date. Because this Report is overdue, Plaintiff hereby submits its portion of the Rule 26(f) Report.

I.    **Certification.** Undersigned counsel certifies that he has consulted with his client and developed the following proposed case management plan. Counsel further certifies that he has forwarded a copy of this report to his client.

II.    **Jurisdiction.**

A.    *Subject Matter Jurisdiction:* This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3), as the Plaintiff and Defendants are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

B.    *Personal Jurisdiction:* This Court has personal jurisdiction over each of the Defendants pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and the Connecticut Long Arm Statute. Each of the Defendants either reside in this state or has engaged in transactions or business within this state from which this action arises.

III.    **Brief Description of Case:**

A.    *Claims of Plaintiff:* Plaintiff seeks a declaration that it has no duty to pay defense costs or indemnify Defendants with respect to two pending actions as described in the complaint, based upon the Insured v. Insured Exclusion and/or the Personal Profit Exclusion contained in the insurance policy at issue in this case, and because the underlying litigation does not involve a "Securities Transaction", as that term is defined in the policy. Plaintiff further seeks a declaration that the complaints in the two pending actions fail to allege a "Loss" as defined in the insurance policy.

B.    *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims) of Defendant(s):*

IV.    **Statement of Undisputed Facts:** Plaintiff contends that the following material facts are undisputed:

- On or about September 9, 1999, Plaintiff issued Executive Protection Policy No. 8159-03-79 to Defendant Holberg Incorporated.

- Ronald A. Rittenmeyer is the former President and CEO of AmeriServe.

V.    **Case Management Plan.**

A.    *Standing Order on Scheduling in Civil Cases.* Plaintiff does not request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

B.    *Scheduling Conference With the Court.*  Plaintiff does not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

C.    *Early Settlement Conference.*

   1.    Settlement is unlikely at this time.

   2.    Plaintiff does not request an early settlement conference.

   3.    Plaintiff does not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R.36.

D.    *Joinder of Parties and Amendment of Pleadings.*

   1.    Plaintiff should be allowed until August 1, 2002 to file motions to join additional parties and until August 1, 2002 to file motions and amend pleadings.

   2.    Defendants should be allowed _____ to file motions to join additional parties and until _____ to file a response to the complaint.

E.    · *Discovery.*

   1.    Plaintiff anticipates that discovery may be needed on some or all of the following subjects:

      a.    The Executive Protection Policy No. 8159-03-79 issued by Plaintiff to Defendant Holberg Incorporated on or about September 9, 1999;

      b.    The AmeriServe bankruptcy filed in the United States Bankruptcy Court for the District of Delaware, including the adversary proceeding commenced therein;

      c.    The Rittenmeyer action filed in Texas state court.

   2.    All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P.26(b)(4), will be commenced by July 18, 2002 and completed by November 8, 2002.

   3.    Discovery will not be conducted in phases.

   4.    Plaintiff will require up to eight depositions of fact witnesses and the Defendants will require a total of ____ depositions of fact witnesses. The

depositions will commence by September 2, 2002 and be competed by November 8, 2002.

5.  Plaintiff will not request permission to serve more than twenty-five (25) interrogatories.

6.  Plaintiff does not intend to call expert witnesses at trial, but reserves the right to do so if the need arises.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2), if any, by August 9, 2002.

7.  Defendants [intend] [do not intend] to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by _____.  Depositions of such experts will be completed by _____.

8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by _____.

F.  *Dispositive Motions.*  Dispositive motions will be filed on or before December 13, 2002.

G.  *Joint Trial Memorandum.*  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 1, 2003.

**VI.  Trial Readiness.**  The case will be ready for trial by January 1, 2003.

As an officer of the Court, undersigned counsel agrees to cooperate with Defendants' counsel to promote the just, speedy and inexpensive determination of this action.

Dated: July 24, 2002

PLAINTIFF,
FEDERAL INSURANCE COMPANY

By _____
Jeffrey L. Williams, ct05446
JORDEN BURT LLP
406 Farmington Ave., Suite 2006
Farmington, CT  06032
Tel:  (860) 676-7715
Fax:  (860) 676-7732

4

## CERTIFICATION

This is to certify that a copy of the foregoing Plaintiff's Rule 26(f) Report was sent via facsimile and first class mail, postage prepaid, on July 24, 2002, to the following:

Steven B. Malech, Esq.
Wiggin & Dana
1 CityPlace - 185 Asylum Street
Hartford, CT   06103-3402

_____
Jeffrey L. Williams

5

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------ x
                          :

FEDERAL INSURANCE COMPANY,     :
                          :     Case No. 3:02 CV 797 (AWT)
            Plaintiff,       :

                           :
       v.                         :

JOHN V. HOLTEN, JOHN R. EVANS,    :
GUNNAR KLINTBERG, RAYMOND       :
MARSHALL, LEIF F. ONARHEIM, DANIEL  :
W. CRIPPEN, BENOIT JAMAR, PETER     :
GRAUER, HOLBERG INCORPORATED,    :
HOLBERG INDUSTRIES, INC., and       :
NEBCO EVANS DISTRIBUTORS, INC.,    :
                           :
           Defendants.      :     July 26, 2002
                           :
------------------------------------------------------------ x

### DEFENDANTS' STATEMENT REGARDING THE REASONS FOR STAYING THE ENTRY OF A SCHEDULING ORDER AND DISCOVERY

The parties dispute the need to confer pursuant to Federal Rule of Civil Procedure 26(f) and the need to commence discovery at this time. In accordance with the wishes of the Court[1], defendants John V. Holten, John R. Evans, Gunnar Klintberg, Raymond Marshall, Daniel W. Crippen, Holberg Incorporated, Holberg Industries, Inc. and NEBCO Evans Distributors, Inc. (collectively, "Defendants") submit this Statement in support of their position that it is premature to enter a scheduling order and unnecessary to begin discovery, either in this action or a concurrently filed action involving the same parties and issues pending in the District of Delaware.

---

[1] On Wednesday, July 17, 2002, Jeff Williams, for Federal, and Steven Malech, for Defendants, held a telephone conference with Sarah Merriam, for the Court, regarding the best method of proceeding to resolve this dispute. Ms. Merriam suggested that the parties simultaneously file short statements outlining their positions. Federal unilaterally filed a Rule 26(f) report with the Court on Wednesday, July 24, 2002.

<u>No Need Exists for A Scheduling Order</u>

- The parties dispute whether venue properly lies in the District of Delaware or in the District of Connecticut. Federal filed a motion to transfer the Delaware action to this District or, in the alternative, stay that action until the resolution of this one. Similarly, Defendants moved to dismiss this action in favor of the Delaware one or, alternatively, to stay this action pending resolution of the one in Delaware.

- Until these motions are resolved and the parties know which Court will ultimately hear this case, the parties may not be able to comply with any such order and may likely be forced to repeatedly seek extensions of various deadlines. As such, the parties and the Court will be forced to unnecessarily expend resources and time to such issues.

- Should the Court determine, however, that a scheduling order should be entered, Defendants propose that the parties agree to the same schedule in both the Delaware and Connecticut actions so that neither party gains a strategic advantage with respect to resolution of the venue dispute.

<u>No Reason Exists To Commence Discovery at This Time</u>

- The policy language at issue in this case can be construed as a matter of law without resort to discovery. Defendants filed a motion for summary judgment in Delaware on this issue.

- Because this dispute will likely be resolved on summary judgment, commencing discovery now is unnecessary and potentially wasteful of the parties' resources. There is simply no reason to spend thousands of dollars on discovery regarding an issue that may be decided as a matter of law. Defendants intend to take this position in both of these actions. Nonetheless, should the Court that ultimately addresses Defendants' summary judgment motion determine that a factual dispute exists precluding summary judgment, the parties could then commence discovery. Neither side would be prejudiced. <u>See</u>, <u>e.g.</u>, <u>F.H. Krear & Co. v. 19 Named Trustees</u>, 91 F.R.D. 497, 498 (S.D.N.Y. 1981).

- Federal has not explained why it needs discovery at this particular time. Indeed, no discovery has taken place in Delaware, despite the fact that Federal's opposition to the summary judgment brief is due in approximately one week.

- It would appear that Federal seeks to commence discovery here for the strategic reason of gaining an advantage in the venue dispute. This conclusion would also seem to follow from Federal's rejection of Defendants' assurances that they would not use the lack of discovery here to disadvantage Federal in this dispute.

- Should the Court, however, determine that discovery should commence at this time, Defendants believe that all such discovery should be cross-noticed and applicable to both actions so that neither side can use the existence or lack of discovery to disadvantage the other in this venue dispute.

2

Finally, Defendants believe that a conference with the Court would be helpful in resolving these issues.

RESPECTFULLY SUBMITTED,

DEFENDANTS,

JOHN HOLTEN, JOHN R. EVANS,
GUNNAR KLINTBERG, RAYMOND
MARSHALL, DANIEL W. CRIPPEN,
HOLBERG INCORPORATED,
HOLBERG INDUSTRIES, INC., and
NEBCO EVANS DISTRIBUTORS, INC.

By:  *Steven B. Malech*
_____
Alan G. Schwartz
Federal Bar No. ct05891
Steven B. Malech
Federal Bar No. ct16314
WIGGIN & DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103-3402
(860) 297-3700

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of July, 2002, a copy of the foregoing Statement

has been sent via facsimile and first-class mail, postage prepaid, to the following counsel of

record:

> Jeffrey L. Williams, Esq.
> Christopher G. Barnes, Esq.
> Jorden Burt LLP
> 406 Farmington Avenue, Suite 2006
> Farmington, CT  06032

Steven B. Malech

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2002 AUG -2  A 8: 35

US DISTRICT COURT
HARTFORD CT

```
-------------------------------x
                               :
FEDERAL INSURANCE COMPANY,     :
                               :
        Plaintiff,             :
                               :    Civil No. 3:02CV00797(AWT)
v.                             :
                               :
JOHN V. HOLTEN, et al.,        :
                               :
        Defendants.            :
-------------------------------x
```

### ENDORSEMENT ORDER

The defendants' motions to stay [Doc. # 24-2 and Doc. # 29-2] were GRANTED at a telephonic hearing on the record today, and this case is hereby STAYED, pending a decision in the District of Delaware on the motion to transfer. The defendants' motions to dismiss [Doc. # 24-1 and Doc. # 29-1] are hereby DENIED without prejudice. The parties shall file a status report upon the earlier to occur of (i) February 3, 2002, or (ii) notice that a decision on the motion to transfer has been issued by the district court in Delaware.

It is so ordered.

Dated this 1st day of August, 2002, at Hartford, Connecticut.

Alvin W. Thompson
United States District Judge

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN V. HOLTEN, GUNNAR              )
KLINTBERG, LEIF ONARHEIM, PETER     )
GRAURER, BENOIT JAMAR, JOHN R.      )
EVANS, RAYMOND MARSHALL,            )
DANIEL W. CRIPPEN, HOLBERG          )
INCORPORATED, HOLBERG               )
INDUSTRIES, INC. and NEBCO EVANS    )
DISTRIBUTORS, INC.,                 )
                                    )
              Plaintiffs,           )
                                    )
         v.                         )      Civil Action No. 02-355-KAJ
                                    )
FEDERAL INSURANCE COMPANY,          )
                                    )
              Defendant.            )

**MEMORANDUM ORDER**

I.    **Introduction**

    Presently before the court is Defendant Federal Insurance Company's

("Federal") motion to transfer the case from this district to the United States District

Court for the District of Connecticut or, in the alternative, to stay this action pending the

outcome of a an action first-filed in the District of Connecticut.  (D.I. 9; D.I. 10.)

Plaintiffs[1] have filed their opposition.  (D.I. 12.)  This court has jurisdiction over this

action pursuant to 28 U.S.C. § 1332.  For the reasons that follow, the motion will be

granted.

_____

    [1]Plaintiffs include John V. Holten ("Holten"), Gunnar Klintberg ("Klintberg"), Leif
Onarheim ("Onarheim"), Holberg Inc., Holberg Industries, Inc. ("Holberg Industries"),
Peter Grauer ("Grauer"), Benoit Jamar ("Jamar"), John R. Evans ("Evans"), Raymond
Marshall ("Marshall"), Daniel W. Crippen ("Crippen") and NEBCO Evans Distributors,
Inc. ("NEBCO").  (D.I. 10 at 2.)

## II.    Background

On or about September 9, 1999, Holberg Inc. ("Holberg") purchased an Executive Liability and Indemnification Policy from Federal[2] covering Holberg, its subsidiaries and their directors and officers[3] ("Plaintiffs") against certain claims for alleged "wrongful acts" for the policy period of May 15, 1999 to May 15, 2002 ("Policy"). (D.I.4 12 at 3; D.I. 10 at 2.)  On January 31, 2000, two subsidiaries of Holberg, AmeriServe Food Distributions, Inc. ("AmeriServe") and NEBCO Evans Holding Company ("NEHC"), filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.  (D.I. 4 at ¶¶ 5, 18; D.I. 10 at 2.)

By operation of law, AmeriServe became a debtor-in-possession ("DIP").  It then filed an adversary proceeding on May 16, 2000 in the Delaware Bankruptcy Court, which was subsequently transferred to this court, against Holberg, Holberg Industries, NEBCO and Holten for alleged breaches of fiduciary duty (the "Delaware Action").  (D.I.

---

[2]Federal is incorporated under the laws of New Jersey, with its principal place of business in New Jersey.  (D.I. 4 at ¶ 14.)

[3]Holberg, Holberg Industries and NEBCO are all incorporated under the laws of Delaware with their principal places of business in Connecticut.  (D.I. 4 at ¶¶ 2-4.) Holberg Industries is a majority-owned subsidiary of Holberg Inc. and NEBCO is a majority-owned subsidiary of Holberg Industries. (Id.)  NEBCO Evans Holding Company ("NEHC") is a wholly-owned subsidiary of NEBCO and is not a party to this action because it filed for bankruptcy protection on January 31, 2000. (Id. at ¶ 5.)  AmeriServe Food Distribution, Inc. ("AmeriServe") is a wholly-owned subsidiary of NEHC.  (Id.)
At all relevant times, Holten was the CEO and Chairman of the Board of Directors of Holberg Inc. and Holberg Industries and a director of AmeriServe; Klintberg was the Vice Chairman of Holberg Industries and a director of NEHC and of AmeriServe; Onanheim, Grauer, and Jamar were directors of NEHC and AmeriServe; Evans was the Vice Chariman and a director of NEHC and of AmeriServe; Marshall was the President and director of NEHC and of AmeriServe; and Crippen was the Executive Vice President and a director of NEHC and of AmeriServe.  (Id. at ¶¶ 6-13.)

Diana Boggs     ☒003/008

10/08/2003 17:07 IFAX

4 at ¶ 20-23.) After Plaintiffs made a claim under the Policy for coverage for the Delaware Action, Federal disclaimed coverage by letter dated July 28, 2000. (*Id.* at ¶ 39.)

On November 28, 2000, the Delaware Bankruptcy Court approved a "Joint Liquidating Plan of Reorganization" whereby AmeriServe's and NEHC's assets would be transferred to an estate for the purpose of liquidating the DIP's assets, and confirmed the appointment of a plan administrator to enforce rights to and claims against the estate's assets. (*Id.* at ¶ 24; D.I. 10 at 3; D.I. 12 at 4.) On November 13, 2001, the plan administrator filed an action against Holten, Grauer, Jamar, Evans, Marshall, Crippen and Holberg Industries in the County Court for Dallas County, alleging various breaches of fiduciary duty (the "Texas Action"). (D.I. 4 at ¶ 27.) Federal denied coverage for the Texas Action by letter dated January 17, 2002. (*Id.* at ¶ 40.)

Plaintiffs contend that on October 2, 2001, they advised Federal that they would bring suit against them if Federal continued to deny coverage under the Policy. (D.I. 12 at 5.) Plaintiffs allege that after several months of negotiation, Federal notified Plaintiffs on March 15, 2002 that it was reconsidering its decision to decline coverage. (*Id.*) On April 16, 2002 Plaintiffs state that Federal claimed it would "'withdraw the declination of coverage' and 'begin to participate in the defense subject to specific reservations of rights on various coverage issues,'" and reiterated on April 22, May 3 and May 7, 2002 that it would soon provide a reservation of rights letter and funding agreement to Plaintiffs. (*Id.* at 6.)

On May 9, 2002 at 12:09 p.m., Federal filed a complaint in the United States

District Court for the District of Connecticut seeking a declaratory judgment that

coverage for the Delaware and Texas Actions was not available to Plaintiffs under the

Policy (the "Connecticut Action").  (D.I. 10 at 5.)  Federal alleges that a copy of the

Connecticut Action was faxed to plaintiffs' counsel at 3:20 p.m. on the same day.  (*Id.*)

Plaintiffs then filed a complaint in this court at 5:18 p.m. that day, seeking damages for

Federal's alleged breach of coverage under the Policy and a judgment declaring that

Federal is required by the Policy to pay all of Plaintiffs' losses in connection with the

Delaware and Texas Actions.  (D.I. 4 at ¶¶ 44-52.)

III.    **Discussion**

When reviewing a motion to transfer a second suit involving the same basic

facts, the court is guided by the Third Circuit's "first-filed" rule, which states that, "[i]n all

cases of federal concurrent jurisdiction, the court which first has possession of the

subject must decide it."  *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir.

1941) (quoting *Smith v. McIver*, 22 U.S. (9 Wheat) 532, 535, 6 L.Ed. 152 (1824)).

"Consequently, the second filed action should be stayed or transferred to the court

where the first filed action is pending."  *Reisman v. Van Wagoner Funds, Inc.*, No.

Civ.A.02-012-SLR, 2002 WL 1459384 (D. Del. June 7, 2002).  The first-filed rule

"encourages sound judicial administration and promotes comity among federal courts of

equal rank."  *E.E.C.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988).

The decision to transfer or stay the second action is within the discretion of the

trial court.  *Id.* at 972, 977.  However, "invocation of the rule will usually be the norm, not

4

Diana Boggs    ☒005/008

the exception. Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." *Id.* at 979. Such circumstances include "inequitable conduct, bad faith or forum shopping." *Id.* at 972. Plaintiffs argue that these rare and extraordinary exceptions apply in this case. (D.I. 12 at 9-13). However, their allegations do not appear to be well founded.

Although Plaintiffs claim that Federal's Connecticut Action represents an improper anticipatory filing "aimed solely at wresting the choice of forum from the 'natural' plaintiff[,]" *see Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 431 (7th Cir. 1987), there is little factual support for this allegation. Plaintiffs state that they had prepared a complaint by April 2002, but the only notice of their intent to file a lawsuit is an October 2, 2001 letter in which Plaintiff's former counsel conveyed a settlement proposal to Federal's counsel and represented that Plaintiffs were "prepared to institute legal proceedings against Federal for coverage under the Policy." (D.I. 13 at ¶ 9.) Even if this reference to potential litigation could be construed as a threat of imminent litigation, which would be very tenuous given that Federal did not deny coverage of the Texas Action until January 17, 2002, Federal did not file the Connecticut Action until May 9, 2002, more than seven months after Federal received the October 2, 2001 notice.

In addition to the lack of evidence of an improper anticipatory filing, there is not much support for Plaintiffs' contentions that Federal misrepresented its intent to resolve the dispute. (D.I. 12 at 13.) Although Federal offered to pay defense costs of the Delaware and Texas Action subject to a complete reservation of rights, "[m]erely

5

Diana Boggs    ☑006/008

10/08/2003 17:07 IFAX

entering into the defense of a case under a . . . reservation of rights agreement does not prevent an insurer from seeking declaratory relief to determine its liability to defend under the policy." *Allied Mut. Ins. Co. v. Hingst*, 360 F. Supp. 1204, 1209 (D. N.D. 1973). Moreover, Federal expressly advised Plaintiffs that its offer to fund the defense was not an offer to settle the dispute. (D.I. 20 at ¶ 10.) Federal flatly denies that it embarked on an effort to "string Plaintiffs along" in March, April and May 2002 while preparing to file the Connecticut Action. (D.I. 27 at 7-9.) Its version of the discussions between the parties is sufficiently credible to make the "bad faith" exception to the first filed rule inapplicable.

In deciding the Defendants' motion to transfer under 28 U.S.C. § 1404(a), I am further guided by the Third Circuit's opinion in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), which sets forth examples of several public and private interests a court may consider when analyzing the propriety of transfer. The private interests include the plaintiff's forum preference "as manifested in the original choice," defendant's preference, whether the claim arose elsewhere, the convenience of the parties and witnesses, and the location of records and other documents. *Id.* at 879 (citations omitted). The public interest factors include, "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interests in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80.

6

The "private interests" set forth in *Jumara* weigh in favor of transfer. Federal's choice of forum is not irrational. Transferring this case to Connecticut would better serve the convenience of the parties and witnesses, as Federal maintains several offices in Connecticut, all three corporate plaintiffs maintain principal places of business in Connecticut, four of the eight individual plaintiffs reside in Connecticut, and most of the witnesses will be parties or employees of parties. (*Id*. at 9-10.) On the other hand, Federal does not maintain any offices in Delaware, none of the corporate plaintiffs have their principal places of business in Delaware, and none of the individual plaintiffs reside in Delaware (*Id*.)

In addition to the private factors, I find that the public factors weight in favor transfer. This action is substantially similar to the case filed in the District of Connecticut. Since that case was filed first, the transfer of this case will promote judicial economy and the consistency of results that public policy seeks to achieve. *See Ferens v. John Deere Co.*, 494 U.S. 516, 532 (1990); *Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 453 (D. Del. 1981).

## IV.   Conclusion

In summary Plaintiffs have not demonstrated that this case is of the "exceptional" kind that warrants ignoring the first-filed rule. Moreover, the balancing of the private and public factors underlying 28 U.S.C. §1404 favor transfer.

Accordingly, IT IS HEREBY ORDERED that Federal's Motion to Transfer (D.I. 9) this action to the United States District Court for the District of Connecticut is GRANTED.

UNITED STATES DISTRICT JUDGE

October 8, 2003
Wilmington, Delaware

8