IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 NOV 17 P 12: 18

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:02CV797 (AWT) |
| | ) |
| v. | ) |
| | ) |
| JOHN V. HOLTEN, *et al.* | ) |
| | ) November 17, 2003 |
| Defendants. | ) |
| | ) |

DEFENDANTS' OPPOSITION TO
<u>PLAINTIFF'S MOTION TO LIFT STAY AND ENTER SCHEDULING ORDER</u>

Just one business day after the parties jointly filed a report in which they requested a status conference with the Court, ostensibly to discuss how to proceed in this case following the recent transfer of a related case by the United States District Court for the District of Delaware to this Court (the "Transferred Action"), plaintiff Federal Insurance Company ("Federal") filed a Motion to Lift Stay and Enter Scheduling Order (the "Motion"). The Court should deny the Motion for the following reasons:

1.  Settlement negotiations in the underlying litigation giving rise to this declaratory judgment action are at an advanced stage and should conclude (one way or another) within the next 90 days, as trial in that action is scheduled for February 23, 2004. If successful, the negotiations, in which Federal is participating, would likely resolve both the Transferred Action and this matter. Thus, lifting the stay at this time would force the parties and the Court to expend valuable resources engaging in what could very well be unnecessary discovery and motion practice.

2.    Federal failed to proffer any rationale for lifting the stay and/or commencing discovery at this time.

3.    Federal failed to propose a new scheduling order. The proposed Rule 26(f) report unilaterally submitted by Federal in July 2002 (over Defendants' objections) and appended to the Motion states, for example, that discovery would be completed by November 8, 2002 and that the case would be ready for trial in January 2003 (ten months ago). As such, that Rule 26(f) report cannot serve as the basis for a new order. Accordingly, if the Court determines that the stay should be lifted at this time, the parties and the Court should discuss an appropriate schedule at the requested status conference.

WHEREFORE, defendants John V. Holten, John R. Evans, Gunnar Klintberg, Raymond Marshall, Leif F. Onarheim, Daniel W. Crippen, Benoit Jamar, Peter Grauer, Holberg Incorporated, Holberg Industries, Inc., and NEBCO Evans Distributors, Inc. (collectively "Defendants") respectfully request that the Court deny Federal's Motion to Lift Stay and Enter a Scheduling Order.

Respectfully submitted,

DEFENDANTS,
JOHN HOLTEN, JOHN R. EVANS,
GUNNAR KLINTBERG,
RAYMOND MARSHALL, LEIF F. ONARHEIM,
DANIEL W. CRIPPEN, BENOIT JAMAR,
PETER GRAUER, HOLBERG INCORPORATED,
HOLBERG INDUSTRIES, INC., AND NEBCO
EVANS DISTRIBUTORS, INC.


*Steven B. Malech*

Alan G. Schwartz
Federal Bar No. ct05891
Steven B. Malech
Federal Bar No. ct16314
WIGGIN & DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06508
(203) 498-4400
*Their Attorneys*

Of Counsel

Glenn M. Kurtz
Christopher J. Glancy
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York  10035
(212) 819-8200

CERTIFICATION

This is to certify that a copy of the foregoing Objection to Plaintiff's Motion to Lift Stay and Enter a Scheduling Order was sent via facsimile and first class mail, postage prepaid, this 17th day of November, 2003, to the following:


Jeffrey L. Williams, Esq.
Jorden Burt, LLP
175 Power Forest Drive, Suite 201
Simsbury, Connecticut 06089

Sten A. Jensen, Esq.
David J. Hensler, Esq.
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004


_Steven B. Malech_
Steven B. Malech

\15661\1\433825.1

4